*147 Tbe opinion of tbe Conrt was delivered by
Johnston, Ch.
In tbe decree it is beld tbat tbe instrument executed by Mrs. Anderson in November 1849, after Robert H. Anderson’s death, was sufficient to convey ber interest in bis estate. In tbis opinion I concur; because possession was taken by tbe grantee, under tbe instrument, of wbicb be should not be deprived. Tbe instrument, regarded as an assignment, or covenant, should not be disturbed, after possession given.
It appears to me, also, tbat tbe decree is not erroneous on tbe subject of tbe 9th clause of tbe statute of 1789. Tbe object of tbe statute may be better understood if we consider what a testator would naturally do if one of bis children to whom be bad given a legacy, should happen to die leaving a child. Tbe Legislature acting upon tbe supposition that it would be natural for him to give tbe legacy to tbe child, has declared tbat it shall go to him, in default of such direction. Tbis is tbe spirit and scope of tbe Act.
It may be well, however, to guard against misconceptions -that may possibly arise. I am .not willing to conclude tbe point here, either tbat tbe fulfilment or non-fulfilment, by George, of tbe conditions annexed in tbis will to bis legacy, should have any influence in determining tbe right of bis son to receive it. Those conditions were of a merely personal character, confined to George, individually. Such conditions, I apprehend, were extinguished at bis death, when be lost all apparent right to tbe legacy. If they bad never been fulfilled by him, they bad by tbat event become impossible; and, as tbe interests of tbe estate were in no wise affected by them, tbe new legatee might take (not through him but by substitution) without being obliged to fulfil them in bis own person. It might be otherwise, if tbe conditions bad been of a different character; as for example, if tbe legacy bad been given to George upon condition tbat be should pay a certain debt of tbe testator, or release bis estate from some claim or *148 incumbrance. In such case, I suppose tbe legacy given to him should not go to bis child without conferring upon the estate of the testator the bénefít for which he had stipulated by annexing it as a condition to the legacy.
It is ordered that the appeal be dismissed, and the decree affirmed.
DuítkiN, DargAN and Wardlaw, CC., concurred.

Appeal dismissed.